IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ROSE M. JEFFERSON, individually and as surviving parent of HOWARD JEFFERSON, JR., ROSELYN JEFFERSON, individually and as surviving daughter of HOWARD JEFFERSON, JR., DEMETRA WYSINGER, as Next Friend and Nominated Administrator of Estate under Arkansas Law, by Plaintiffs, as heirs, | § § § § § § § § § § | |
| v. | § § | Civil Action No. 5:18-CV-00092-RWS-CMC |
| RUSSELL COLLINS, CITY OF TEXARKANA, TEXAS INDUSTRIAL DEVELOPMENT CORPORATION, THE CITY OF TEXARKANA, TEXAS, and BOWIE COUNTY, TEXAS | § § § § § | |

## ORDER

Before the Court is Defendants City of Texarkana, Texas Industrial Development Corporation ("the Corporation"), the City of Texarkana Texas ("the City"), and Bowie County Texas's ("Bowie County") Motion to Dismiss for Insufficient Process and/or Service of Process (Docket No. 47). The above-captioned civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On June 17, 2019, the Magistrate Judge issued a Report and Recommendation recommending Plaintiffs' causes of action against these Defendants be dismissed without prejudice for failure to show cause and for failure to prosecute (Docket No. 65). Plaintiffs filed objections (Docket No. 67). The Court conducts a *de novo* review of the objected-to portions of the Magistrate Judge's recommended findings and conclusions.

## BACKGROUND

On May 7, 2016, Defendant Russel Collins struck and killed Howard Jefferson, Jr. with his vehicle while Mr. Jefferson was trying to cross New Boston Road in Texarkana, Texas. *See*

Docket No. 51, Ex. A-1. Mr. Jefferson was survived by his spouse, Jabreeka Mitchell Jefferson; his mother, Rosie Mae Jefferson; and his daughter, Roselyn Joy Jefferson.

Plaintiffs Rosie Jefferson, Roselyn Jefferson and Demetra Wysinger originally filed this action in the Northern District of Texas. The Northern District subsequently transferred the case to this Court. *See* Docket Nos. 3, 29. Plaintiffs alleged that Mr. Collins negligently operated his motor vehicle, causing Mr. Jefferson's death. *See* Docket No. 35 at 3. Plaintiffs also asserted that the City and Bowie County "violated Mr. Jefferson's civil and constitutional rights by proximately contributing to the creation of circumstances and factors which caused the accident to occur." *Id.* at 4–5.

At Plaintiffs' requests, the Court granted two extensions of time to serve Defendants, ultimately extending the service deadline to November 29, 2018. Docket No. 40. On November 29, 2018, the Clerk of the Court issued summons as to Defendants Bowie County, the City, the Corporation and Mr. Collins. Docket Nos. 42, 43, 44, 45. However, Plaintiffs admittedly did not serve any defendant until after the November 29, 2018 deadline imposed by the Court. *See* Docket No. 49 at 2, ¶ 3. No return of service has been filed to date.

On December 28, 2018 Defendant Bowie County filed a Motion to Dismiss for Insufficient Process and/or Service of Process (Docket No. 47). The County asserted that the summons was "delivered in an unknown manner sometime in late November" and was later discovered on the desk of Jerry Rochelle, District Attorney for the County. The County argued the action should be dismissed because the summons was not served on the correct County representative and the summons was not served in the manner required by Texas law. Defendant Collins filed a separate

motion for summary judgment (Docket No. 51).  The City and the Corporation have not made an appearance in this case.

Plaintiffs filed a Response in Opposition to the Motion to Dismiss (Docket No. 49), acknowledging that there were "procedural shortcoming[s]" in the service of process, but stating that such shortcomings should not deprive Plaintiffs of their right to be heard on the merits. Plaintiffs explained that the delay in service was a result of Plaintiffs' lack of financial resources. Docket No. 49 at 2.  Plaintiffs acknowledged that they did not serve the named Defendants until after the November 29, 2018 deadline.  Plaintiffs also stated that Defendants were served soon after the deadline but were served only the summons and not the Complaint.

On March 20, 2019, the Court set the case for a scheduling conference.  Docket No. 52. The Court ordered the parties to file a joint report that reflected the parties' case management plan no later than one week before the scheduling conference.  On May 7, 2019, Defendants Bowie County and Collins filed their part of the Joint Conference Report.  *See* Docket No. 57.  According to the County and Mr. Collins, the Joint Conference Report was submitted without Plaintiffs' participation as Plaintiffs' counsel failed to respond to a phone call and voicemail regarding the need to confer.  *Id*. at 1, n.1.

The Court entered a show cause order on May 21, 2019, ordering Plaintiffs to show cause within 14 days why their claims against Bowie County, the City and the Corporation should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m).  Docket No. 62.  The Court further ordered that failure to show cause within 14 days from the date of the Order may result in the recommendation that the case against Bowie County, the City and the

Corporation be dismissed without prejudice for failure to prosecute. Plaintiffs failed to respond to the show cause order within the stated deadline.

## REPORT AND RECOMMENDATION

On June 17, 2019, the Magistrate Judge entered a Report and Recommendation recommending the Court dismiss without prejudice Plaintiffs' claims against Bowie County, the City and the Corporation for failure to show cause and for failure to prosecute. Docket No. 65. The Magistrate Judge concluded Plaintiffs failed to timely serve the summons and complaint upon all Defendants. *Id.* at 3. The Magistrate Judge also found that Plaintiffs failed to show good cause within 14 days of the show cause order. *Id.* Based on these failures, the Magistrate Judge recommended the Court dismiss the causes of action against Bowie County, the City and the Corporation without prejudice. *Id.*

The Magistrate also entered a Report and Recommendation on June 18, 2019, recommending the court grant Defendant Collins' separate motion for summary judgment. Docket No. 66.

## OBJECTIONS

In response to both Magistrate Judge's reports, Plaintiffs filed a single "Objection to Magistrate's Report and Recommendations and Request for Extension of Time for Plaintiffs to Retain New Counsel." Docket No. 67. In their Objection, Plaintiffs plainly state that they "object to the dismissal of this action for want of prosecution as recommended by the Magistrate Judge." *Id.* at 3. However, Plaintiffs do not address any specific findings contained in the reports. Plaintiffs do not appear to contest the Magistrate Judge's finding that Plaintiffs failed to properly

serve the summons and complaint upon the County, the City and the Corporation. Further, Plaintiffs do not address their failure to respond to the show cause order.

Instead, Plaintiffs' Counsel states that Plaintiffs have no standing to pursue this case. *Id.* Counsel states that pursuant to Section 71.004 of the Texas Civil Practice and Remedies Code, Plaintiffs were required to file their claims for relief within three months of Mr. Jefferson's death, which they did not do. Counsel asserts that after the three-month deadline, only the administrator or executor of the estate could bring a claim. Because none of the Plaintiffs are the administrator of the estate, Counsel asserts that they have no standing to move forward. Counsel concludes that, in light of the lack of standing, he is "unable to make a good-faith argument that would enable this case to be maintained in the names of the individuals who have filed as the named Plaintiffs." *Id.* at 2.

Counsel continues, stating that Plaintiff Wysinger "insisted" that he file a response to the reports to request additional time for further filings, additional time to serve those Defendants who were not duly served and additional time to retain new counsel. *Id.* at 2. Plaintiff Wysinger also contends that, "but-for due process violations that occurred outside the scope of this lawsuit," she would have been the duly appointed administrator of Mr. Jefferson's estate. *Id.* As such, Plaintiffs object to dismissal of this case for want of prosecution.

### DISCUSSION

At the outset, the Court notes Plaintiffs' objections are improper. Federal Rule of Civil Procedure 72 provides "a party may serve and file *specific* written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive

or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds*, *Douglass v. United Servs. Auto. Assn*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

Plaintiffs failed to specifically identify the findings to which they object. The objections do not identify error in the report's findings of fact or analysis. Instead, the objections merely request the Court decline to dismiss this action and grant Plaintiffs additional time to proceed. Plaintiffs' general objection is improper.

Nonetheless, the Court has reviewed and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants. . . .' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

This Court granted Plaintiffs two extensions of time to serve Defendants. Docket Nos. 38, 40. Yet Plaintiffs still failed to serve Defendants with a summons and copy of the first amended complaint within the November 29, 2018 deadline given by this Court. Even though Plaintiffs failed to serve Defendants within the time frame specified in Federal Rule of Civil Procedure 4(m), the Magistrate Judge gave Plaintiffs another chance to avoid dismissal. Docket No. 62. The Order specifically advised Plaintiffs that failure to show cause within the specified time frame might result in a recommendation of dismissal. *Id.* Plaintiffs failed to respond.

Over the course of this litigation, Plaintiffs have had ample time to serve Defendants or to provide the Court with good cause for failing to follow the Federal Rules. They have not done so.

Even in their objections to the Magistrate Judge's report, Plaintiffs do not provide good cause for failing to properly serve the summons and complaint.

Because the failure to properly serve Defendants and the failure to show cause, alone and in combination, warrant dismissal of the action, the Court need not address Counsel's contention in the objections that Plaintiffs lacked standing to file suit.

## CONCLUSION

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Plaintiffs' objection is without merit. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of the Court. It is accordingly,

**ORDERED** that Plaintiffs' objections to the June 17 Report (Docket No. 67) are **OVERRULED** and the Magistrate Judge's Report (Docket No. 65) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned civil action against Bowie County, Texas; City of Texarkana, Texas; and City of Texarkana, Texas Industrial Development Corporation are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to show cause. Finally, it is

**ORDERED** that any and all motions by either Plaintiffs or the County, City, and Corporation are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 27th day of September, 2019.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE