**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| ROSE M. JEFFERSON, individually and as surviving parent of HOWARD JEFFERSON, JR., ROSELYN JEFFERSON, individually and as surviving daughter of HOWARD JEFFERSON, JR., DEMETRA WYSINGER, as Next Friend and Nominated Administrator of Estate under Arkansas Law, by Plaintiffs, as heirs, <br><br> v. <br><br> RUSSELL COLLINS, CITY OF TEXARKANA, TEXAS INDUSTRIAL DEVELOPMENT CORPORATION, THE CITY OF TEXARKANA, TEXAS, and BOWIE COUNTY, TEXAS | § § § § § § § § § § § § § § § § § | Civil Action No. 5:18-CV-00092-RWS-CMC |

## ORDER

Rosie Jefferson, Roselyn Jefferson and Demetra Wysinger (collectively, the "Plaintiffs") filed the above-captioned action alleging Defendant Russell Collins negligently operated his motor vehicle, causing the death of their relative Howard Jefferson, Jr. Before the Court is Defendant Russell Collins's Motion for Summary Judgment (Docket No. 51). The action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On June 18, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 66), recommending Defendant Collins's motion be granted and that the cause of action against him be dismissed with prejudice. Plaintiffs filed objections (Docket No. 67) on July 2, 2019. The Court conducts a *de novo* review of the objected-to portions of the Magistrate Judge's recommended findings and conclusions.

## BACKGROUND

On May 7, 2016, Russell Collins struck and killed Howard Jefferson, Jr. ("Decedent") with his vehicle while Mr. Jefferson crossed New Boston Road in Texarkana, Texas. *See* Docket No. 51 Ex. A-1. Mr. Jefferson is survived by his spouse, Jabreeka Mitchell Jefferson; his mother, Rosie Mae Jefferson; and his daughter, Roselyn Joy Jefferson.

### State Court Proceedings

On November 3, 2016, Jabreeka Jefferson filed an Application for Letters of Administration with the Probate Court of Bowie County Texas. Docket No. 51 Ex. A-1. On April 3, 2017, Plaintiffs, along with Mr. Jefferson's brother, filed a Motion to Contest the Application to Probate Estate of Howard Jefferson, Jr., in Bowie County, Texas. *Id.* Ex. A-2. The Probate Court transferred the case to the County Court at Law of Bowie County ("Bowie County Court"), which held a hearing on the motion. Following the hearing, the Bowie County Court denied the motion and appointed a third party, Randy Moore, to serve as the dependent administrator of the estate. *Id.* Ex. A-3. That order also identified Jabreeka Jefferson and Roselyn Jefferson as heirs to the estate. *Id.*

Plaintiffs and Mr. Jefferson's brother also filed a counter-application for the administration of the estate seeking the appointment of Plaintiff Demetra Wysinger as administrator, *id.* Ex. A-7, and a Second Amended Motion to Vacate and Void Judgments and Orders under Rule 60 in the Bowie County Court, *id.* Ex. A-8. The parties' sought to void the order appointing Mr. Moore as a Dependent Administrator, alleging several due process violations including insufficient service and denial of an opportunity to be heard in the hearing appointing Mr. Moore as dependent administrator. *Id.* Ex. A-8.

Defendant Collins's motor vehicle insurer, Progressive County Mutual Insurance Company ("Progressive") offered a settlement for claims arising from the accident with Jabreeka Jefferson and Mr. Moore. Progressive offered the policy limits of $50,007 to settle "all wrongful death beneficiary and estate claims, demands and liens." *Id.* Ex. A-6. In a letter dated November 11, 2016, Progressive requested that Jabreeka Jefferson return a letter agreeing to the settlement and specifying how the $50,007 would be split among the "three wrongful death beneficiaries (Jabreeka Jefferson, Roselyn Jefferson, and Rosie Jefferson) and the estate." *Id.* The letter also stated that each beneficiary would need to sign an individual release. *Id.* Progressive sent a second letter in February 2018 with the same offer, again requesting a release from all three wrongful death beneficiaries (Jabreeka Mitchell, Roselyn Joy Jefferson and Rosie Mae Jefferson). *Id.* Ex. A-9.

Jabreeka Jefferson's attorney responded to Progressive's settlement offer, stating that as the Administrator, Mr. Moore "would be the one to bring and prosecute any wrongful death action," and therefore would be the appropriate person to sign the release. *Id.* Ex. A-11. Jabreeka's attorney further explained that by placing funds into the court's registry, Progressive "would be relieved from potential liability to pay the single fund more than once." *Id.* Ex. A-13.

Progressive paid the settlement proceeds into the Bowie County Texas Court Registry as the "Full and Final Settlement of all Bodily Injury Claims." *Id.* Ex. A-15. Jabreeka Jefferson and Randy Moore then entered a "Full Release of All Claims with Indemnity (Wrongful Death and Survival)," releasing Progressive and Defendant Collins of all claims arising out of Howard Jefferson's death. *Id.* Ex. A-16.

On October 24, 2018, the Bowie County Court entered an order authorizing distribution of the estate assets. *Id.* Ex. A-17. Based on the court's previous determination of heirship, Jabreeka Jefferson and Roselyn Jefferson each received one half of the remainder of the estate after claims and bills were paid. *Id.*

On October 25, 2018, counsel for Rosie Jefferson, Roselyn Jefferson and Demetra Wysinger appealed the order. *Id.* Ex. A-18. Plaintiffs also filed an appeal, arguing that the Bowie County Court's exercise of jurisdiction was improper. The Sixth Appellate District Court of Texas at Texarkana dismissed both appeals for want of prosecution. *Id.* Ex. A-19; *Estate of Howard Jefferson, Jr.*, No. 06-18-00100-CV (Tex. App.–Texarkana July 12, 2019).

**Federal Court Proceedings**

On May 7, 2018, while the case was pending in the Bowie County Court, Rosie Jefferson and Demetra Wysinger, as next friend of Roselyn Jefferson, filed this action in the Northern District of Texas. Docket No. 3. The Northern District transferred the case to the Eastern District of Texas, Docket No. 29, and Roselyn Jefferson later joined the action, Docket No. 11. Plaintiffs filed their Amended Complaint against Russell Collins, City of Texarkana, Texas Industrial Corporation (the "Corporation), City of Texarkana (the "City"), and Bowie County, Texas ("Bowie County"). Docket No. 35.[1]

Defendant Collins moved for summary judgment. Docket No. 51. Collins asserted that Plaintiffs' causes of action against him are barred by two affirmative defenses: accord and satisfaction and statute of limitations. Specifically, Collins argues his insurance carrier,

---

[1] Plaintiffs' first amended complaint also named State Farm Auto Insurance and Progressive Insurance as Defendants. The First Amended complaint did not specifically include any facts or causes of action against these Defendants. Plaintiffs subsequently filed a second amended complaint omitting claims against State Farm Auto Insurance and Progressive Insurance. Docket No. 41.

Progressive, entered into a settlement agreement with the duly appointed Dependent Administrator of Howard Jefferson's Estate, Mr. Moore, and paid policy limits into the Bowie County Court's registry. Collins also argued the suit is barred by the applicable two-year statute of limitations because Plaintiffs did not diligently serve him after suit was filed.

After Plaintiffs failed to respond to Collins's motion to dismiss within the 21-day deadline, the Court ordered Plaintiffs to file a response to the motion for summary judgment on or before April 30, 2019. Docket No. 53.[2] Plaintiffs responded to Defendant Collins's motion for summary judgment on the given deadline. Docket No. 55.

In their response, Plaintiffs argued that the Bowie County Court was not the proper venue and did not have subject matter jurisdiction over the settlement agreement. *See* Docket No. 55. Plaintiffs noted that, at the time they filed their response, the Bowie County Court decision was on appeal on the basis that the court lacked subject matter jurisdiction. As such, Plaintiffs argued any decision on an affirmative defense of accord and satisfaction based on the state court proceedings would be premature. Plaintiffs also argued that the suit was not barred by the statute of limitations because they filed their complaint before the limitations period expired, and the date the complaint is filed is controlling for purposes of statute of limitations.

On June 17, 2019, the Magistrate Judge entered a Report and Recommendation recommending the Court dismiss without prejudice Plaintiffs' claims against Bowie County, the City and the Corporation for failure to show cause and for failure to prosecute. Docket No. 65. The following day, the Magistrate Judge issued a second Report and Recommendation

---

[2] Pursuant to Local Rule CV-7, a party has 21 days to file a response to a summary judgment motion.

recommending Defendant Collins's motion for summary judgment be granted and that Plaintiffs' cause of action against Collins be dismissed with prejudice. Docket No. 66.

## JUNE 18 REPORT AND RECOMMENDATION

In the June 18 report, the Magistrate Judge first set forth the evidence Collins submitted in support of his motion for summary judgment, which consisted of a detailed summary of the proceedings before the Bowie County Court. Docket No. 66 at 5–14. The Magistrate then observed that Plaintiffs did not attach any evidence to their response, as required to defeat a properly supported motion for summary judgment. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 257 (1986).

The Magistrate Judge considered whether Plaintiffs' wrongful death claims are barred by the prior settlement. *Id*. at 14–20. Following the Texarkana Court of Appeals decision in *Hill v. Bartlette*, 181 S.W. 3d 541 (Tex. App.–Texarkana 2005, no pet.), the Magistrate Judge found that Randy Moore had authority to settle the wrongful death claims, and that the settlement agreement with Progressive expressly released Collins from wrongful death actions. *Id.* at 17. The Magistrate Judge also observed that Plaintiffs had the opportunity to object to the settlement and the division of the settlement proceeds as parties to the contested administration proceedings in the Bowie County Court. *Id.* at 19. The Magistrate Judge ultimately concluded that, because the settlement released Defendant Collins from wrongful death actions, Plaintiffs were barred from bringing such claims here as a matter of law. *Id.* at 20. The Magistrate Judge found, as an additional ground for dismissal, that Plaintiffs' claims are barred by the two-year statute of limitations. *Id.* at p.24.

## OBJECTIONS

In response to both reports, Plaintiffs filed a single "Objection to Magistrate's Report and Recommendations and Request for Extension of Time for Plaintiffs to Retain New Counsel" (Docket No. 67). Plaintiffs state that they "object to a dismissal of this case for want of prosecution or a dismissal of this case for any other reason." Docket No. 67 at 3. However, Plaintiffs do not address any specific findings contained in either report. Plaintiffs do not appear to contest the Magistrate's finding that Mr. Moore had authority to settle the wrongful death claims on their behalf or that Plaintiffs failed to exercise due diligence in serving Defendant Collins.

Instead, Plaintiffs' counsel states that Plaintiffs have no standing to pursue this case. *Id.* Counsel states that pursuant to Section 71.004 of the Texas Civil Practice and Remedies Code, Plaintiffs were required to file their claims within three months of Mr. Jefferson's death, which they did not do. Counsel asserts that after the three-month deadline, only the administrator or executor of the estate could bring a claim. Because none of the Plaintiffs are administrator of the estate, Counsel asserts that they have no standing to move forward. Counsel concludes that, in light of the lack of standing, he is "unable to make a good-faith argument that would enable this case to be maintained in the names of the individuals who have filed as the named Plaintiffs." *Id.* at 2.

Counsel continues, stating that Plaintiff Wysinger "insisted" that he file a response to the reports to request additional time for further filings, additional time to serve those Defendants who were not duly served and additional time to retain new counsel. *Id.* Plaintiff Wysinger also contends that, "but for due process violations that occurred outside the scope of this lawsuit," she

would have been the duly appointed administrator for Mr. Jefferson's estate. *Id.* As such, Plaintiffs object to dismissal of this case.

## STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Where the movant bears the burden of proof on the claim or defense on which it is moving for summary judgment, it must provide evidence establishing all the essential elements of the claim or defense as a matter of law. *Id.* at 194. Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present "significant probative evidence" showing a genuine issue of material fact to survive summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).

While factual controversies are resolved in favor of the nonmoving party, that only occurs when both parties have submitted evidence of contradictory facts and there is an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). The Court does not assume the nonmovant could or would prove the necessary facts in the absence of sufficient evidence. *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## DISCUSSION

At the outset, the Court notes that Plaintiffs' objections are improper for lack of specificity. Federal Rule of Civil Procedure 72 provides "a party may serve and file *specific* written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Assn*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

Although Plaintiffs generally object to the Magistrate Judge's recommendation that their cause of action against Collins be dismissed, Plaintiffs fail to specifically identify the findings to which they object. The objections do not assert error in the June 18 report's findings of fact or analysis. Instead, the objections merely request that the Court decline to dismiss this action. Plaintiffs' general objection is improper.

Nonetheless, the Court has reviewed and agrees with the report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants . . . .' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)). Because the Magistrate correctly concluded that Defendant's motion for summary judgment should be granted, the Court declines to address Plaintiffs counsel's contention that Plaintiffs lacked standing to bring the claim.

Under the Texas Wrongful Death Act, a decedent's surviving spouse, children and parents are statutory beneficiaries who may bring a wrongful death action. TEX. CIV. PRAC. & REM. CODE § 71.004(a). If none of the individuals entitled to bring a wrongful death action have begun the action within three calendar months after the death of the injured individual, "his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." *Id.* § 71.004(c).

Plaintiffs filed their wrongful death suit nearly two years after Mr. Jefferson's death, far beyond the three-month window. As such, Mr. Moore, acting as the dependent administrator of the estate, had authority to pursue the wrongful death action on their behalf.

Mr. Moore resolved the wrongful death claims through a valid settlement agreement with Defendant Collins and his insurer. *See Hill*, 181 S.W.3d at 549 (holding that an estate's temporary administrator had authority to settle wrongful death claims). Defendant Collins's proffered evidence establishes that Progressive's tender of policy limits was made with the express intent that it be accepted in exchange for settlement of all wrongful death claims against Collins, including those that could be brought by Plaintiffs Rosie and Roselyn Jefferson. *See* Docket No. 51 Exs. A-6, A-9, A-11, A-13, A-16. In the settlement negotiations, Defendant Collins and his insurer specifically identified Plaintiffs Rosie and Roselyn Jefferson as statutory beneficiaries capable of bringing a wrongful death action against Collins. *Id.* Exs. A-6, A-9. Jabreeka Jefferson's attorneys represented that, as estate administrator, Mr. Moore's signature alone could release Collins from claims brought by any statutory beneficiary. *Id.* Exs. A-11, A-23. The release agreement thus intentionally released Defendant Collins of wrongful death suits brought by Plaintiffs, including the one brought here. Because Mr. Moore had authority to resolve the

wrongful death action and entered in a valid agreement expressly releasing Defendant Collins from future wrongful death claims, Plaintiffs are now barred from bringing such claims as a matter of law.

Plaintiffs were required to present affirmative evidence to defeat the properly supported motion for summary judgment and failed to do so. *Anderson*, 477 U.S. at 257. As noted by the Magistrate Judge, Plaintiffs have not presented evidence to refute Mr. Moore's authority to enter the settlement or to otherwise demonstrate the invalidity of the settlement. In their response, Plaintiffs state that they "would" show the Court that the Bowie County Court at Law was an improper venue and not a court of competent jurisdiction. However, in absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075. Plaintiffs also state that summary judgment is improper because Plaintiffs appealed the judgment of the Bowie County Court. However, Plaintiffs' appeals were dismissed for want of prosecution. *See Estate of Howard Jefferson, Jr.*, No. 06-18-00100-CV (Tex. App.–Texarkana July 21, 2019).[3]

The Magistrate Judge correctly concluded that the court-appointed administrator entered into a valid settlement agreement releasing Defendant Collins from wrongful death actions. As such, this Court finds Plaintiffs are barred from bringing such claims as a matter of law. The court hereby **ADOPTS** the Magistrate's recommendation that Defendant Collins's Motion for Summary Judgment be granted. Because the affirmative defense of accord and satisfaction is a sufficient

---

[3] Plaintiffs assert in their response to Defendant's Motion to Dismiss that although their appeal was initially dismissed for want of prosecution, they brought the appeal again and the appeal was pending at the time they submitted their response. Docket No. 55. Records in the Sixth Appellate District of Texas reflect that the second appeal was also dismissed for want of prosecution.

basis for granting the motion for summary judgment, the Court need not review the Magistrate Judge's recommendation that the Plaintiffs' claims are also barred by the statute of limitations.

## CONCLUSION

The Court agrees with the Magistrate Judge's recommendation and the Court **ADOPTS-IN-PART** the Magistrate Judge's Recommendation. Accordingly, it is hereby

**ORDERED** that Defendant Russell Collins' Motion for Summary Judgment (Docket No. 51) is **GRANTED**, and Plaintiffs' objections are **OVERRULED**. It is further

**ORDERED** the above-entitled and numbered cause of action against Russell Collins is **DISMISSED WITH PREJUDICE.**

So ORDERED and SIGNED this 27th day of September, 2019.

*[Signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE